# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

| | |
|---|---|
| CLEVELAND D. BOLER, III and<br>EVELYN D. BOLER, | Case No. 06-30049-DHW<br>Chapter 13 |
| RICKY BROWN, SR. and<br>VICKIE BROWN | Case No. 06-30072-DHW<br>Chapter 13 |

        Debtors.

## MEMORANDUM OPINION

In both of these chapter 13 cases, the State of Alabama, Department of Human Resources ("DHR") objects to the confirmation of the debtors' plans. Because the cases present similar facts and questions of law, the objections were consolidated, briefed by the respective parties, and submitted to the court for decision.

### Jurisdiction

The court's jurisdiction in this matter derives from 28 U.S.C. § 1334 and from the United States District Court for this district's general order referring title 11 matters to the United States Bankruptcy Court. Further, this is a core proceeding under 28 U.S.C. § 157(b)(2)(L) thereby extending this court's jurisdiction to the issuance of a final order or judgment.

### Undisputed Facts

The Boler Case

Cleveland and Evelyn Boler filed their chapter 13 case on January 18, 2006. DHR filed a § 507(a)(1)(A) priority claim in the amount of $9,110.41 for Mr. Boler's prepetition child support arrearage. Prior to

filing, Mr. Boler had been paying his domestic support obligation through an income withholding order.

The Boler plan provides for direct payment of the arrearage claim outside of the chapter 13 trustee. The debtor alleges that the proposed direct payment will pay the claim in full.

The Brown Case

Ricky and Vickie Brown filed their chapter 13 case on January 25, 2006. DHR filed a § 507(a)(1)(A) priority claim in the amount of $4,637.45 for Mr. Brown's prepetition child support arrearage. Prior to filing, Mr. Brown had been paying the domestic support obligation through an income withholding order.

The Brown plan provides for payment of the DHR claim in full from their payments to the chapter 13 trustee.

Contentions of DHR

DHR contends that no disbursement can be made to secured creditors (except for any amount necessary for adequate protection) or to other unsecured creditors (including debtors' counsel for attorney's fees) until its claims are paid in full. In support of that contention, DHR points to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. No. 109-8)("BAPCPA") which raised the priority status of a domestic support obligation from seventh to first. See 11 U.S.C. § 507(a).

Further, in the Boler case, DHR contends that the plan cannot be confirmed because it has not consented to being paid directly, that is, outside of the chapter 13 trustee.

2

Conclusions of Law

The issue of whether disbursements to secured creditors must await full payment of § 507(a)(1)(A) domestic support claims was recently addressed in In re Sanders, 2006 WL 1000461 (Bankr. N.D. Ala.). The court wrote:

> DHR argues that distributions to secured creditors should be limited to an amount that is sufficient to provide secured creditors only with post-confirmation adequate protection payments until first priority support obligations are paid in full. It is important to remember, however, that DHR is an unsecured creditor. Unsecured creditors are only entitled to the assets remaining after secured creditors have taken either the value of their collateral or the collateral itself.

Id. at 4. Hence, the Sanders court concluded that disbursements could be made to secured creditors before § 507(a)(1)(A) claims are paid in full.

The Sanders court also rejected the argument that in a chapter 13 case a domestic support obligation must be paid in full before disbursements to lower priority unsecured claimants. The court wrote that "§ 1322(a)(2) continues to require the Chapter 13 plan to provide for full payment, in deferred cash payments, of priority claims under § 507, but nothing in § 1322 requires higher priority claims to be paid in full before lower priority claims." Id. at 2.[1]

The court addressed the argument that in a chapter 7 case,

---

[1] Although decided in a case prior to the effective date of BAPCPA, see In re Aldridge, 335 B.R. 889, 893 (Bankr. S.D. Ala. 2005), which holds that in a chapter 13 case, the seventh level priority child support claim is not required to be paid in full before disbursement can be made on a lower priority tax claim.

3

§ 726(a)(1) requires priority claims to be paid "in the order specified" in § 507 by stating: "[t]here is not a similar provision in Chapter 13 requiring priority creditors to be paid "in the order specified in section 507." Id. at 3. Indeed, § 1326 requires the trustee to pay § 507(a)(2) administrative expenses "before or contemporaneously with payments to other claimholders under the plan." Id. BAPCPA does not reflect any change in Congressional intent:

> "By striking the reference to § 507(a)(1) in § 1326(b)(1) and adding § 507(a)(2), Congress clearly intended to require the continued payment of administrative expenses before or contemporaneously with payments to other claimholders, even § 507(a)(1) claimholders." Id.

Finally, the court in Sanders recognized the import of 11 U.S.C. § 1322(b)(4) which expressly provides that the chapter 13 plan may "provide for payments on any unsecured claim to be made concurrently with payments on any secured or any other unsecured claim."

This court adopts the rationale expressed in Sanders and holds that in chapter 13 cases, section 507(a)(1)(A) claims are not entitled to full payment prior to disbursement to any other creditors, secured or unsecured.

DHR further contends that the Boler plan cannot be confirmed because DHR does not consent to being paid directly, that is, outside of the chapter 13 trustee.

Section 1322(a)(2) requires full payment of § 507 priority claims in chapter 13. The statute expressly provides: "[t]he plan shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2).

The court is unaware of any Code provision that precludes direct

4

Case 06-30072   Doc 35   Filed 04/28/06   Entered 04/28/06 13:01:38   Desc Main
Document   Page 4 of 5

payment of § 507(a)(1)(A) claims. Whether paid directly or through the chapter 13 trustee, the only statutory requirement is that the claim be fully paid.

The debtor alleges that the amount of the direct payment will satisfy the claim in full. However, the court is unable to verify this from the record. If the claim will be fully paid within the term of the chapter 13 plan, the claimant's consent is unnecessary and the court knows of no provision which would prevent direct payment of the claim.

Conversely, if the direct payment is not sufficient to pay the claim in full within the term of the plan, DHR's consent to a lesser treatment is required.

Conclusion

For these reasons, separate orders will enter overruling DHR's objections to confirmation of the plans and resetting the confirmation hearing in the Boler case on the issue of whether the direct payment will pay the claim in full during the term of the plan.

Done this 28th day of April, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Cleveland and Evelyn Boler, Debtors
   Ricky and Vickie Brown, Debtors
   Vonda S. McCleod, Attorney for Debtors
   Richard G. Moxley, III, Attorney for DHR
   Curtis C. Reding, Trustee

5